UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER C LOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-283 |
| | § | |
| ISAAC KWARTENG, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER GRANTING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Pending is Defendants' Motion for a Protective Order. (D.E. 32). The motion is **GRANTED in part** as set forth below. Discovery shall continue on the issue of whether Defendants committed a constitutional violation under the current law, specifically, whether the medical treatment of Plaintiff, or lack of treatment, amounted to deliberate indifference to Plaintiff's serious medical needs. Discovery may also continue on the issue of whether Defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the relevant actions. Defendants are otherwise protected from answering discovery. Defendants shall respond to Plaintiff's discovery requests within these parameters.

### I. BACKGROUND

Plaintiff is a Texas inmate appearing *pro se* in this civil rights action. Plaintiff alleges he has Hepatitis C and cirrhosis of the liver and that Texas Department of Criminal Justice (TDCJ) and Texas Medical Branch at Galveston (UTMB) personnel

were deliberately indifferent to his serious medical conditions. He brings this action pursuant to 42 U.S.C. § 1983. Defendants Isaac Kwarteng, Tanya Lawson, and Monica Pickthall filed the instant motion for a protective order to stay discovery because they have asserted the defense of qualified immunity.

## II. APPLICABLE LAW

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). To discharge this burden, the plaintiff must satisfy a two-prong test. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 251-52 (5th Cir. 2005). First, he must claim that the defendants committed a constitutional violation under current law. *Id.* (citation omitted). Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of. *Id.* While it will often be appropriate to conduct the qualified immunity analysis by first determining whether a constitutional violation occurred and then determining whether the constitutional right was clearly established, that ordering of the analytical steps is no longer mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (receding from *Saucier v. Katz*, 533 U.S. 194 (2001)).

Qualified immunity is a defense to liability and immunity from suit. *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Qualified immunity protects public officials from "broad-ranging discovery that

can be peculiarly disruptive of effective government." *Anderson v. Creighton*, 483 U.S. 635, 639 n.5 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817 (1982)).

## III. ANALYSIS

Qualified immunity does not shield government officials from all discovery but only from discovery which is either avoidable or overly broad. *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir.1987); *see also Wicks v. Miss. State Empl't Servs.*, 41 F.3d 991, 994 (5th Cir.1995). Defendants' motion indicates Plaintiff served Defendants with written discovery. However, Defendants fail to explain how this discovery is overly broad or otherwise unnecessarily burdensome. Defendants seek relief from having to respond to any discovery which would deprive Plaintiff relevant discovery to address the issue of qualified immunity. Plaintiff's medical condition, his treatment, lack of treatment, Defendants' involvement in Plaintiff's treatment and the decisions of what treatment to provide, and the institutional regulations or guidelines involved in determining what treatment is required or denied are important in addressing the issue of qualified immunity. Based on the information presented in Defendants' motion for a protective order, the undersigned finds that a complete stay of discovery is not appropriate at this stage of the proceedings, however, discovery shall be limited in scope.

## IV. CONCLUSION

Defendants' Motion for a Protective Order (D.E. 32) is **GRANTED in part**. Discovery shall continue on the issue of whether Defendants committed a constitutional violation under the current law and were deliberately indifferent to Plaintiff's serious medical condition. Specifically, Defendants shall respond to discovery that addresses

Plaintiff's medical condition and treatment or lack of treatment and applicable regulations or guidelines involving the treatment of Plaintiff. Discovery may also continue on the issue of whether Defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the relevant actions. Defendants are otherwise protected from answering discovery.

ORDERED this 20th day of December, 2017.

Jason B. Libby
United States Magistrate Judge