Case 2:17-cv-00283   Document 72   Filed on 07/20/18 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
July 20, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER C LOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-283 |
| | § | |
| ISAAC KWARTENG, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF

Plaintiff Javier C. Lomas is a Texas inmate appearing *pro se* and *in forma pauperis*. In this prisoner civil rights action, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Pending before the Court is a Motion for Summary Judgment filed by Defendants Isaac Kwarteng, Monica Pickthall, and Tanya Lawson. (D.E. 46).

Based on recent developments in this case, it is respectfully recommended that Plaintiff's claims for injunctive relief against Defendants Isaac Kwarteng, Angela K. Rodriguez, Monica Pickthall, and Tanya Lawson be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). It is respectfully recommended further that the Motion for Summary Judgment filed by Defendants Kwarteng, Pickthall, and Lawson (D.E. 46) be denied as moot.

## I. JURISDICTION

The Court has federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. This case was referred to the undersigned United States Magistrate Judge for case management and to furnish a recommendation pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Jester III Unit in Richmond, Texas. Plaintiff is serving a fifteen year sentence for two aggravated robbery convictions entered on January 22, 2009, in Taylor County, Texas. His allegations in this case arise in connection with his former assignment to the McConnell Unit in Beeville, Texas.

On January 9, 2017, Plaintiff filed his original complaint, naming the following prison officials: (1) Dr. Kwarteng, Medical Director; (2) Ms. Rodriguez, a mid-level provider; (3) Ms. Pickthall, Physician Assistant (PA); and (4) Ms. Lawson, Senior Practice Manager (collectively referred to herein as "Defendants"). Plaintiff alleges he has Hepatitis C and cirrhosis of the liver. He claims that Defendants acted with deliberate indifference to his serious medical needs by delaying or denying him certain medical services and treatments which were necessary to monitor and cure his medical conditions. Plaintiff seeks injunctive relief in the form of receiving newly-approved Direct Acting Anti-Hepatitis C (DAA) drugs. (D.E. 2, p. 7).

On August 22, 2017, the undersigned ordered service of Plaintiff's original complaint and memorandum in support on Defendants. (D.E. 8). Defendants Kwarteng, Pickthall, and Lawson filed their answer on October 9, 2017. (D.E. 11). After learning that Defendant

Rodriguez was no longer employed by the TDCJ, the undersigned directed service of the summons and Plaintiff's complaint on Defendant Rodriguez at her last known address. (D.E. 15). The record reflects that service on this defendant was executed on October 19, 2017. (D.E. 19). Defendant Rodriguez, however, has neither filed an answer nor otherwise appeared in this action.

On February 12, 2018, Defendants Kwarteng, Pickthall, and Lawson filed their Motion for Summary Judgment. (D.E. 46). Therein, these defendants contend that: (1) Defendant Lawson had no personal involvement in the medical treatment of Plaintiff's Hepatitis C; (2) Defendant Lawson had no authority to recommend or provide medical treatment; and (3) Plaintiff's deliberate indifference claims against Defendants Kwarteng and Pickthall are barred by the Eleventh Amendment. (D.E. 46, pp. 10-17).

Plaintiff has filed several objections and affidavits following the submission of Defendants' summary judgment motion. (D.E. 48, 49, 50, 51, and 52). In two of these pleadings, Plaintiff appeared to ask the Court to compel Defendants to respond to certain discovery requests. (*See* D.E. 48, 52). In another pleading, Plaintiff appeared to acknowledge that some defendants should be dismissed from this action due to having no personal involvement in Plaintiff's medical treatment. (D.E. 51, p. 2). Plaintiff further complained about Defendant Lawson's failure to disclose the names of certain committee members who may have been directly involved in Plaintiff's treatment decisions.

In light of Plaintiff's filings, the undersigned scheduled a telephone conference for June 1, 2018. (D.E. 58). Several days before the telephone conference, a prison official from the McConnell Unit informed the Court that Plaintiff had been transferred to the Jester III Unit.

Plaintiff indicated during the telephone conference that he had encountered difficulties in obtaining the identity of the individuals responsible for deciding whether Plaintiff qualified for certain medical treatments for Hepatitis C.  Plaintiff stated that: (1) Defendant Lawson had failed to provide him the names of the committee members who made such decisions; (2) Defendant Pickthall communicated to Plaintiff on several occasions that he did not meet the criteria for receiving Hepatitis C treatment; and (3) Defendant Pickthall was merely passing along the information from "some committee" that Plaintiff did not qualify for treatment.

Plaintiff also informed the Court that he is currently receiving a Hepatitis C course of treatment which has the possibility of curing such condition.  He indicated, however, that his cirrhosis condition is irreversible.  Counsel for Defendants Kwarteng, Pickthall, and Lawson informed the Court that the medical decisions as to whether prisoners qualify for Hepatitis C treatment were made by a Texas Department of Criminal Justice (TDCJ) committee.  At the conclusion of the telephone conference, the undersigned granted Plaintiff an opportunity to amend his complaint and name the proper party or parties.  In a written order entered on June 4, 2018, the undersigned instructed Plaintiff to file an amended complaint in which he may add the TDCJ and a "TDCJ John Doe Committee" as defendants in this case.  (D.E. 60).

On July 13, 2018, Plaintiff submitted his Amended Complaint, naming as defendant the "TDCJ-UTMB Tex. Gov't 501.131 Established Correctional Managed Health Care Committee" (Committee).  (D.E. 70, pp. 1, 3).  In the Amended Complaint, Plaintiff alleges that he would not have cirrhosis of the liver if he had been given the course of treatment for his Hepatitis C condition starting in 2013 as opposed to just recently.  (D.E. 70, p. 4).  Plaintiff claims that the Committee's actions in following certain policies and protocols with its

treatment decisions constituted deliberate indifference to his serious medical needs. (D.E. 70, p. 4). Plaintiff seeks monetary relief only against the Committee. (D.E. 70, p. 4).

## III.   DISCUSSION

Section 1915(e)(2)(B) mandates dismissal "at any time" if the court determines that the action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." 28 U.S.C. 1915(e)(2)(B). *See also Souza v. FMC-Carswell*, 4:09-CV-469-Y, 2011 WL 611703, at *1 (N.D. Tex. Feb. 18, 2011) (dismissing plaintiff's claims for declaratory and injunctive relief under § 1915(e)(2)(B) because she was no longer incarcerated at the prison in which her condition-of-confinement claims arose). Plaintiff seeks injunctive relief in the form of receiving newly-approved DAA drugs. Certain developments that have taken place since Plaintiff filed his original complaint that render Plaintiff's claims for injunctive relief against Defendants subject to dismissal.

At the time he filed this action, Plaintiff was housed at the McConnell Unit. Three of the four named defendants (Kwarteng, Lawson, and Rodriguez) worked at the McConnell Unit.[1] The record reflects that Plaintiff has since been transferred to the Jester III unit in Richmond, Texas. A prisoner's transfer from a prison unit renders moot his claims of deliberate indifference to his serious medical needs when seeking injunctive relief against the defendants at that unit. *Sias v. Jacobs*, No. 6:17cv413, 2017 WL 8229544, at *4 (E.D. Tex. Dec. 11, 2017); *King v. TDCJ*, No 3:15-CV-1365, 2016 WL 8671926, at *2 (N.D. Tex. Jan. 8, 2016).

---

[1] Plaintiff indicates that the fourth defendant, PA Pickthall, was employed at the John Sealy Hospital in Galveston, Texas. (D.E. 1, p. 3).

Furthermore, Plaintiff's statements during the June 1, 2018 telephone conference affirm that none of the named Defendants in his original complaint made any determinations regarding whether Plaintiff qualified for treatment for his Hepatitis C condition. While indicating that Defendant Pickthall had informed him on several occasions that he did not qualify for treatment, Plaintiff acknowledged that Defendant Pickthall was merely passing along the decisions rendered by "some committee." Plaintiff's statements clarify that no defendant named in the original complaint was the decision-maker as to whether Plaintiff qualified for Hepatitis C treatment. Defendants, therefore, are and were not capable of providing Plaintiff the injunctive relief he requests. *See Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001) (explaining that plaintiffs "have no case or controversy" with defendants who have no power to redress the injuries alleged).

Lastly, Plaintiff informed the Court at the telephone conference that he is currently receiving a Hepatitis C course of treatment which has the possibility of curing such condition. Because it is evident that Plaintiff is now receiving the injunctive relief sought in his original complaint, his claims against Defendants for injunctive relief have been rendered moot for this reason alone.

Accordingly, the undersigned respectfully recommends that Plaintiff's claims for injunctive relief against Defendants be dismissed with prejudice pursuant to § 1915(e)(2)(B). Because Plaintiff's claims are subject to dismissal pursuant to § 1915(e)(2)(B), the undersigned respectfully recommends further that the pending summary judgment motion (D.E. 46) be denied as moot.

## IV. RECOMMENDATION

Plaintiff only seeks injunctive relief in his original complaint. Based on the foregoing analysis, the undersigned respectfully recommends that Plaintiff's claims for injunctive relief against Defendants Kwarteng, Lawson, Pickthall, and Rodriguez be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because: (1) Plaintiff is no longer incarcerated at the McConnell Unit; (2) Defendants are and were not capable of providing Plaintiff with his requested injunctive relief; and (3) Plaintiff is currently receiving the requested injunctive relief through his current Hepatitis C treatments. The undersigned recommends further that the Motion for Summary Judgment filed by Defendants Kwarteng, Lawson, and Pickthall (D.E. 46) be denied as moot.

Plaintiff has complied with the undersigned's instructions and filed an Amended Complaint in which he names the Committee as the appropriate party responsible for deciding whether or not he qualified for the Hepatitis C treatment. Plaintiff seeks monetary relief against the Committee. Accordingly, the undersigned will order service of the Amended Complaint on the Committee in a separate order.

Respectfully submitted this 20th day of July, 2018.

Jason B. Libby<br>
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).